FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS** 2013 MAY 24  PM 3: 32
**AUSTIN DIVISION**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA,* **Petitioner,** | § § § | |
| **v.** | § § | CIVIL ACTION NO. |
| *$8,200.00, MORE OR LESS, IN UNITED STATES CURRENCY,* | § § § § | **A13CV0436  LY** |
| *$5,566.00, MORE OR LESS, IN UNITED STATES CURRENCY,* | § § § | |
| **and** | § § | |
| *$5,064.00, MORE OR LESS, IN UNITED STATES CURRENCY,* **Respondents.** | § § § § | |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Petitioner United States of America ("the United States"), by and through

the U.S. Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules of

Federal Rules of Civil Procedure, and respectfully states as follows:

### I.   NATURE OF THE ACTION

1.      This action is brought by the United States seeking forfeiture to the United States

of the properties described below:

(1)   $8,200.00, more or less, in United States currency;
(2)   $5,566.00, more or less, in United States currency; and
(3)   $5,064.00, more or less, in United States currency;

collectively, hereinafter the "Respondent Properties."

## II.   STATUTORY BASIS FOR FORFEITURE

2.      This is a civil forfeiture action *in rem* brought against the Respondent Properties for violations of 21 U.S.C. §§ 801 *et seq.* and subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which states:

> **21 U.S.C. § 881.   Forfeiture**
> **(a)   Subject property**
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>> **(6)**   All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## III.   JURISDICTION AND VENUE

3.      Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture.   This Court has *in rem* jurisdiction over the Respondent Properties under 28 U.S.C. §§ 1355(b) and 1395.

4.      Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District and because the Respondent Properties are found in this District.   *See also* 28 U.S.C. § 1395(b).

5.      The Respondent Properties were seized in Austin, Texas on November 19, 2012, by the Texas Alcoholic Beverage Commission ("TABC") and adopted for forfeiture by the Drug Enforcement Administration ("DEA") on November 19, 2012.   The Respondent Properties

2

have remained in the custody of the DEA and the United States Marshals Service ("USMS"), within the jurisdiction of the United States District Court, Western District of Texas, Austin Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.   FACTS IN SUPPORT OF FORFEITURE

6.      In or around November 2012, TABC agents conducted surveillance on several locations and vehicles in association with the suspected possession, distribution, and facilitation of synthetic marijuana, an illegal controlled substance, led primarily by Mehdi Ali.

7.      On or about November 2, 2012, complaint #1646531 with the TABC was made for the sale of synthetic marijuana (also known as Klimax) against Montopolis Grocery located at 1211 Montopolis, Austin, Texas.   Montopolis Grocery has an active Wine and Beer Retailer's Off-Premise Permit with the TABC.   The current officers of Montopolis Grocery are: Mehdi Ali, who is the Director/President/Treasurer, Zahir Rahim Ali, who is the Vice President, and Zahir Mohammed Ali, who is the Secretary.

8.      On or about November 17, 2012, surveillance was conducted on Mehdi Ali's apartment located at the Rock Creek Apartments, at 12345 Alameda Trace Circle, Apartment #128, Austin, Texas.   Agents observed Mehdi Ali exit from his apartment carrying two brown boxes, and one white bag that appeared to be full.   Agents witnessed Mehdi Ali place the boxes and the bag in the back seat of his green Toyota Camry.   Mehdi Ali drove to his store, Montopolis Grocery, and agents followed.

9.      On or about the morning of November 17, 2012, agents set up surveillance of Mehdi Ali and the Montopolis Grocery store.   An agent entered the Montopolis Grocery store to conduct an undercover controlled purchase of Klimax from Mehdi Ali.   The undercover agent

went up to the counter of the store and asked Mehdi Ali for some Klimax. Mehdi Ali asked the agent if he wanted the small bag, or the large bag, to which the undercover agent requested the large bag. Mehdi informed the undercover agent that it would cost him $25.00, reached under the counter of the grocery store, and produced a brown paper bag. The undercover agent paid for the Klimax and was given the brown paper bag containing the Klimax by Mehdi Ali. Once the undercover agent received the brown paper bag, he checked the contents to make sure that it was the Klimax, which it was, and then he exited the Montopolis Grocery store.

10.     On or about the morning of November 19, 2012, agents executed a search warrant on Montopolis Grocery and on the green 2006 Toyota Camry registered to Mehdi Ali. During the search of Montopolis Grocery, agents discovered one large box of Klimax, and one half-full box of Klimax in the storage room. The agents also discovered several packages of Klimax in brown bags under the counter of the front register along with a large sum of cash. In total, the agents seized approximately 1,843 grams of a controlled substance labeled as "Klimax Potpourri," approximately 1,947 grams of a controlled substance labeled as "Kush," and approximately 400 grams of a controlled substance labeled as "Scooby Snax," from Montopolis Grocery. The cash found next to the Klimax, underneath the counter at the front register of the store, was seized and counted, it totaled $5,064.00, more or less, in United States currency (i.e. the third Respondent Property).

11.     During the search of the Toyota Camry, the agents discovered two large boxes of Klimax, containing approximately 7,730 grams, and a roll of cash labeled "$9200" in a third box located right next to the boxes containing Klimax, in the trunk of the vehicle. Agents counted the

4

cash to determine that there was $8,200.00, more or less, in United States currency (i.e. the first Respondent Property) located in the truck, which was seized along with the controlled substance.

12.     On or about November 19, 2012, agents also executed a search warrant on Mehdi Ali's residence (Apartment #128), Mehdi Ali's garage located at Rock Creek Apartments (Garage 1D), and a tan 2002 Chevrolet Suburban that he was seen driving, but which was registered to his brother, Zahir Rahim Ali.

13.     During the search of the apartment, agents discovered and seized approximately 5,320 grams of a "Klimax," approximately 2,136 grams of "Kush," and $5,566.00, more or less, in United States currency (i.e. the second Respondent Property) all located together in the closet of the master bedroom.

14.     During the search of Garage 1D, agents located and seized approximately 79,245 grams of "Klimax," approximately 11 grams of "Kush," and approximately 4,360 grams of "Scooby Snax."

15.     Prior to executing the search warrant on the tan 2002 Chevrolet Suburban, agents observed a female loading two white plastic bags into the vehicle.   When the search warrant was executed by the agents, two females were found in the tan 2002 Chevrolet Suburban and identified as Shamim Ali (wife to Medhi Ali) and Zahida Ali (sister-in-law to Mehdi Ali.)   The search of the vehicle resulted in the seizure of approximately 980 grams of "Scooby Snax" found in the two white plastic bags.

16.     On February 28, 2012, Medhi Ali and Shamim Ali filed a claim with the DEA for the return of the Respondent Properties in this instant case.

17.     The United States initiates this action because the Respondent Properties are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as the Respondent Properties constitute proceeds furnished or intended to be furnished, or intended to be used to facilitate in exchange for a controlled substance in knowing violation of 21 U.S.C. §§ 801 *et seq.*

## V.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the United States prays that due process issue to enforce the forfeiture of the Respondent Properties; that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed[1], that a warrant for an arrest *in rem* be ordered; that the Respondent Properties be forfeited to the United States; that the Respondent Properties be disposed of in accordance with the law; and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By:

DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
512-916-5858/512-916-5854 (fax)

ATTORNEYS FOR PETITIONER

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Properties.

6

## VERIFICATION

Special Agent Temple Lee declares and says that:

1.   I am a Special Agent with the Drug Enforcement Administration, assigned to the Austin Resident Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2.   I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___23rd___ day of May, 2013.

_____
Temple Lee, Special Agent
Drug Enforcement Administration
Austin Resident Office

7